Metro Pain Specialists, P.C. v Mid-Century Ins. Co. (2023 NY Slip Op 51394(U))

[*1]

Metro Pain Specialists, P.C. v Mid-Century Ins. Co.

2023 NY Slip Op 51394(U)

Decided on December 8, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 8, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : TIMOTHY S. DRISCOLL, J.P., JAMES P. McCORMACK, GRETCHEN WALSH, JJ

2022-179 S C

Metro Pain Specialists, P.C., as Assignee of Natanael Contreras, Respondent,
against
Mid-Century Insurance Company, Appellant. 

Law Offices of Rothenberg & Burns (Jennifer A. Joseph of counsel), for appellant.
Law Office of Gabriel & Shapiro, LLC (Matthew Sledzinski of counsel), for respondent.

Appeals from orders of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.), entered June 15, 2021 and October 3, 2022. The June 15, 2021 order, insofar as appealed from, denied defendant's motion for summary judgment dismissing the complaint. The October 3, 2022 order, insofar as appealed from, upon reargument, denied the branch of defendant's motion seeking summary judgment dismissing the complaint.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that the appeal from the order entered June 15, 2021 is dismissed, as that order was superseded by the order entered October 3, 2022; and it is further,
ORDERED that the order entered October 3, 2022, insofar as appealed from, is reversed, without costs, and, upon reargument, the branch of defendant's motion seeking summary judgment dismissing the complaint is granted.
In this action by a provider to recover assigned first-party no-fault benefits, the District Court, in an order entered October 3, 2022, upon granting the branch of defendant's motion seeking reargument, denied the branch of defendant's motion which had sought summary judgment dismissing the complaint on the ground that the unpaid portion sought to be recovered exceeded the amount permitted by the workers' compensation fee schedule, but held, in effect pursuant to CPLR 3212 (g), that the "only issue at trial shall be whether defendant properly paid the claim to fee schedule [sic]."
Defendant supported its motion with affidavits by its claim representative and a certified professional coder, which affidavits were sufficient to establish, prima facie, that the amount plaintiff sought to recover exceeded the amount permitted by the workers' compensation fee schedule. In opposition, plaintiff failed to raise a triable issue of fact, as plaintiff submitted only [*2]an affirmation by its counsel, who did not establish that he possessed personal knowledge of the facts (see Rockland Family Med. Care, P.C. v State Farm Mut. Auto. Ins. Co., 76 Misc 3d 1126[A], 2022 NY Slip Op 50766[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2022]; GBI Acupuncture, P.C. v 21st Century Ins. Co., 48 Misc 3d 140[A], 2015 NY Slip Op. 51235[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]).
Accordingly, the order entered October 3, 2022, insofar as appealed from, is reversed and, upon reargument, the branch of defendant's motion seeking summary judgment dismissing the complaint is granted.
DRISCOLL, J.P., McCORMACK and WALSH, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 8, 2023